986 F.2d 1427
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Darrel Joseph GOURLEY, Petitioner-Appellant,
v.
Donald CLINE, Respondent-Appellee.
 No. 92-3263.
 United States Court of Appeals, Tenth Circuit.
 Jan. 29, 1993.
 
 Before McKAY, Chief Judge, and SETH and BARRETT, Circuit Judges.
 ORDER AND JUDGMENT[1]
 McKAY, Chief Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This matter is before the court on Petitioner's application for a certificate of probable cause and request for leave to proceed in forma pauperis. We issue a certificate of probable cause, grant Petitioner's request to proceed in forma pauperis, and proceed to the merits of the petition.
 
 
 3
 A review of the record suggests Petitioner has filed a mixed petition of exhausted and unexhausted claims. The petition asserts several claims including various allegations of prosecutorial misconduct. It appears that Petitioner has alleged a new variation of prosecutorial misconduct for the first time in federal court without exhausting the claim in state proceedings.[2] Petitioner alleges the prosecutor improperly referred to his failure to testify at trial. Although this allegation appears in the petition that was filed in the federal district court, the court's order does not address the issue. A review of the record before us suggests petitioner may not have raised this issue in state proceedings.
 
 
 4
 Because the federal courts are barred from addressing mixed petitions, see Jones v. Hess, 681 F.2d 688, 693-95 (10th Cir.1982), a remand to the district court is necessary to determine whether petitioner's claim that the prosecutor commented on his failure to testify is unexhausted. In the event the district court concludes the claim is in fact unexhausted, Petitioner shall be given the opportunity to amend his petition or have it dismissed and exhaust the claim in state court. Id. at 965.
 
 
 5
 We note that the State of Kansas has declined to assist the court in this case by choosing not to file a brief addressing Mr. Gourley's petition.
 
 
 6
 The matter is REMANDED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [2]
 The record also suggests Petitioner has raised a new issue for the first time on appeal. Petitioner argues the prosecutor improperly suggested Petitioner had a sexual motive in his attack on the victim in this case when there was no basis for making such an assertion